**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

|  |  |
|---|---|
| MLCSC-2007-7 SEAWAY ROAD, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>NEW COAST CARDIOLOGY, PLLC, BHARAT H. SANGANI, M.D., STEPHEN N. BAKER, M.D., JAY J. LIBYS, M.D., MANOJ P. SHAH, M.D. AND CYRIL V.K. BETHALA, M.D.,<br><br>Defendants. | Civil Case No.: 1:20-cv347-HSO-JCG |

**COMPLAINT**

Plaintiff, MLCSC 2007-7 Seaway Road, LLC ("Plaintiff" or "Landlord") alleges as follows for its Complaint in this matter:

**NATURE OF THE ACTION**

1. This is a breach of contract action arising out of Defendant New Coast Cardiology, PLLC's ("New Coast") multiple breaches of a commercial lease (the "Lease") for office space at 14055 Seaway Road, First Floor, Gulfport, MS 39503 (the "Premises"). As set forth below, New Coast has breached the Lease by, among other ways: (1) failing to pay rent when due; (2) vacating the Premises prior to the termination date of the Lease; (3) failing to complete required tenant rebuilding obligations; and (4) failing to comply with insurance provisions under the Lease.

2. Individual Defendants Bharat H. Sangani, M.D., Stephen N. Baker, M.D., Jay J. Libys, M.D., Manoj P. Shah, M.D. and Cyril V.K. Bethala, M.D., as guarantors of New Coast's rent obligations under the Lease, have failed to make payment on the guaranteed obligations.

3. Thus, despite contractual obligations under two separate agreements, Defendants have failed to make payment of at least $323,173.74 in past due rent and related fees to Landlord, which is presently due and continues to increase. Additionally, Defendants owe additional amounts incurred by the Landlord for remediating certain portions of the Premises due to certain flooding which New Coast was required to, but did not remediate. Landlord is also contractually entitled under the Lease to its reasonable attorneys' fees and costs, and to its reasonable attorneys' fees under the Guaranty, should it prevail in this action.

## THE PARTIES

4. Landlord is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1601 Washington Avenue, Suite 700, Miami Beach, Florida 33139.

5. New Coast is a professional limited liability company organized under the laws of the State of Mississippi and with a principal place of business at 14055 Seaway Road, Gulfport, MS 39503.

6. Defendants Bharat H. Sangani, M.D. ("Dr. Sangani"), Stephen N. Baker, M.D. ("Dr. Baker"), Jay J. Libys, M.D. ("Dr. Libys"), Manoj P. Shah, M.D. ("Dr. Shah"), and Cyril V.K. Bethala, M.D. ("Dr. Bethala"), are physicians who are also guarantors of certain obligations of New Coast, as further defined and described below. Dr. Sangani, Dr. Baker, Dr. Libys, Dr. Shah, and Dr. Bethala are each referred to individually as a "Guarantor" and are collectively referred to as the "Guarantors."

**JURISDICTION**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8. First, as stated in Paragraph 3 and outlined in Paragraph 59 *infra*, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Second, there is complete diversity of citizenship between Landlord and Defendants.

10. Landlord is a Delaware limited liability corporation whose sole member is U.S. Bank National Association, as Trustee for the Registered Holders of MLCFC Commercial Mortgage Trust 2007-7, Commercial Mortgage Passthrough Certificates Series 2007-7 (the "Trust").

11. The Trust is a traditional REMIC trust created solely under the Internal Revenue Code, 26 U.S.C. § 860D and whose citizenship is determined by the citizenship of its trustee. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 180 F. Supp. 2d 465, 468–69 (S.D.N.Y. 2001) (defining REMIC trust as "real estate mortgage investment conduit" under tax code). U.S. Bank, a national banking association ("U.S. Bank"), is the trustee of the Trust ("Trustee"). As a national banking association, U.S. Bank is a citizen of the state where its main office is located, as designated in its articles of association. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006). U.S. Bank's articles of association designate Ohio as its main office, and therefore the Trustee and Trust are citizens of Ohio.

12. Upon information and belief, all members of New Coast are citizens of the States of Mississippi and Texas.

13. Upon information and belief, Dr. Sangani is a citizen of the State of Texas with an address of 9006 Douglas Avenue, Dallas, TX 75225.

14. Upon information and belief, Dr. Baker is a citizen of the State of Mississippi with an address of 329 Lovers Lane, Ocean Springs, MS 39564.

15. Upon information and belief, Dr. Libys is a citizen of the State of Mississippi with an address of 24654 Oak Island Drive, Pass Christian, MS 39571.

16. Upon information and belief, Dr. Shah is a citizen of the State of Mississippi with an address of 4640 W Beach Boulevard, Apartment C1, Gulfport, MS 39501.

17. Upon information and belief, Dr. Bethala is a citizen of the State of Mississippi with an address of 9017 Victoria Circle, Gulfport, MS 39503.

18. Thus, there is complete diversity of citizenship between Landlord and all Defendants and the amount in controversy exceeds $75,000.

19. Additionally, jurisdiction is proper against Guarantors pursuant to 28 U.S.C. § 1367 because the claims against Guarantors for breaches of the Guaranty (as defined below) are so related to the claims against New Coast for breach of the Lease that they form the same case or controversy.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because several Defendants reside in this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, and the Premises are situated in this District.

21. Venue is further proper in this District pursuant to 28 U.S.C. § 1391 because, under the Lease, "[e]xclusive venue" for any dispute under the Lease "is in the county in which the Premises are located," which includes this Court sitting in Harrison County, MS.

## FACTUAL ALLEGATIONS

### New Coast Enters Into the Lease

22. Prior to November 2019, New Coast was an active medical practice with a focus in cardiology and the treatment of patients with various issues or diseases of the cardiovascular system.

23. On information and belief, in early 2007, New Coast sought to lease new commercial office space for its cardiology practice.

24. On or about April 30, 2007, New Coast entered into the Lease for the Premises with Seaway Investors, LLC ("Original Landlord"). A true and correct copy of the Lease is attached as **Exhibit "A."**

25. Landlord subsequently acquired the Lease from Original Landlord and is the current Landlord for the Premises, with standing to enforce the Lease against New Coast.

26. Pursuant to Section A of the Lease, New Coast agreed to: "[l]ease the Premises for the entire Term beginning on the Commencement Date and ending on the Termination Date." Lease at § A.1.

27. The Lease had a set Term of fifteen years, beginning on the Commencement Date of May 1, 2007 and continuing to the Termination Date of April 30, 2022. *Id.* at pg 1, Basic Terms.

28. The Lease set the "Base Rent" as "$26,381.88" per month, or $16.25 per square foot per year. *Id.* at pg. 1, Basic Terms.

29. The Lease defined "Rent" as the "Base Rent plus any other amounts or money payable by Tenant to Landlord." *Id.* at pg. 3, Definitions.

30. Those other amounts of money due as Rent included operating expenses. Under the Lease, New Coast agreed to pay its pro rata share of operating expenses, which included real

property taxes, insurance premiums, and other expenses that Landlord pays in connection with the ownership, operation, and maintenance of the Seaway Center Professional Office Building, which includes the Premises. *Id.* at § A.7.

31. New Coast further agreed to "[p]ay a late charge of five percent (5%) of any Rent not received by Landlord by the tenth (10th) day after it is due." *Id.* at § A.5.

32. Under the Lease, New Coast agreed to "[p]ay monthly, in advance, on the first (1st) day of the month, the Base Rent to Landlord at Landlord's address." *Id.* at § A.4.

33. The Lease states that New Coast's "covenant to pay rent and Landlord's covenants are independent. [New Coast] will not be entitled to abate rent for any reason." *Id.* at § E.2.

34. The Lease states that "Defaults by [New Coast]" include: "(a) failing to pay timely Rent, [and] (b) abandoning or vacating a substantial portion of the Premises[.]" *Id.* at § E.10.

35. The Lease provides Landlord with the right to sue for damages in the event of any breach by New Coast. *Id.* at § E.11 (emphasis added).

36. The Lease further states that "[i]t is not a waiver of default if the non-defaulting party fails to declare immediately a default or delays in taking any action. Pursuit of any remedies set forth in this [L]ease does not preclude pursuit of other remedies in this [L]ease or provided by applicable law." *Id.* at § E.12.

37. The Lease has an attorney's fees provision that states: "[i]f either party retains an attorney to enforce this [L]ease, the party prevailing in litigation is entitled to recover reasonable attorney's fees and other fees and court and other costs." *Id.* at § E.16.

**The Guarantors Enter Into The Guaranty**

38. To secure New Coast's obligations under the Lease and to induce Original Lender to enter into the Lease, Guarantors entered into that certain Guaranty, dated April 30, 2007. A true and correct copy of the Guaranty is attached as **Exhibit "B."**

39. The Guaranty provides that "Guarantors each severally guarantee 25% of the performance of [New Coast]'s obligations under the Lease." *See* Guaranty at pg. 11 of 27, ¶ 1.

40. The Guaranty further provides that the obligations of Guarantors "will be several only, with each liable for 25% of [New Coast]'s obligations under the Lease." *Id.* at pg. 11 of 27, ¶ 6.

41. Guarantors agreed that the Guaranty is a "primary, irrevocable, and unconditional guaranty of payment and performance and not of collection and is independent of [New Coast]'s obligations under the Lease." *Id.* at pg. 11 of 27, ¶ 2.

42. Under the Guaranty, Guarantors waived their rights to "notices of acceptance, modification, extension, and default and any other notice." *Id.* at pg. 11 of 27 ¶ 1.

43. Texas law applies to the Guaranty. *Id.* at pg. 11 of 27, ¶ 7.

44. Additionally, Guarantors agreed that "the prevailing party in any dispute arising out of this [G]uaranty will be entitled to recover reasonable attorney's fees." *Id.* at pg. 12 of 27.

45. The Lease and the Guaranty shall be collectively referred to as the "Agreements."

**New Coast and Guarantors Breach the Agreements**

46. Upon information and belief, the New Coast cardiology practice split up in 2019 and several doctors who were members of New Coast, including but not limited to Drs. Sangani and Baker, established a new cardiology practice under the name "Primary Care Plus."

47. On or about November 25, 2019, New Coast vacated the Premises and stopped all patient visits at the Premises.

48. Upon information and belief, New Coast has not seen patients or conducted any medical related activities at the Premises since November 2019.

49. When New Coast vacated the Premises, it left a large volume of patient files, diagnostic equipment, and office supplies in the Premises, but removed all exam room and staff equipment from the Premises.

50. The Lease, however, has a fifteen-year term that runs through the Termination Date of April 30, 2022.

51. New Coast breached the Lease when it vacated and abandoned the Premises prior to the April 30, 2022 Termination Date.

52. Additionally, New Coast has not paid Rent since February 2020.

53. On February 1, 2020, New Coast failed to pay its monthly Base Rent payment of 26,381.88 under the Lease.

54. New Coast further failed to pay its share of operating expenses in February 2020, including common area maintenance, taxes, and insurance charges.

55. Since February 1, 2020, New Coast has ceased paying Rent to Landlord entirely.

56. New Coast's failure to pay Rent in 2020 represented a second, and independent breach, of the Lease.

57. Guarantors have not paid the past due Rent that is currently due and owing to Landlord.

58. By failing to perform their obligations to pay Rent under the Guaranty, each Guarantor breached the Guaranty.

59. At least $323,173.74 is currently due and owing to Landlord under the Agreements. The amounts due will continue to accrue through the date of a final judgment in this case.

60. Additionally, Landlord has incurred substantial attorneys' fees and costs in attempting to enforce its rights under the Agreements, which will also continue to accrue through the date of final judgment in this case.

61. Landlord also had to incur various costs and expenses to remediate certain water damage at the Premises which was New Coast was required to, but did not remediate. Specifically, New Coast was required to repair certain portions of that damage pursuant to the Basic Terms of the Lease which provide that "If the Premises are damaged by fire or other elements, Tenant will be responsible for repairing or rebuilding the following leasehold improvements:  All partitions, walls, ceiling systems, wiring, light fixtures, floors, finishes, wall coverings, floor coverings, signs, doors, hardware, windows, window coverings, plumbing, heating, ventilating, and air conditioning equipment, and other improvements originally installed in the Premises by Tenant."

62. Finally, the Insurance Addendum To Lease required, among other things, that New Coast obtain a General Liability Insurance Policy which named Landlord as an "additional insured." The Certificate of Liability Insurance provided to New Coast does not include Landlord as an "additional insured." Further, New Coast did not provide Landlord with a Certificate of Insurance for the property and other insurance New Coast was required to obtain pursuant to the Insurance Addendum To Lease.

## COUNT I

### Breach of Contract against New Coast

63. Landlord repleads and incorporates by reference Paragraphs 1 to 62 as if fully stated here.

64. New Coast entered into a valid, binding, and enforceable contract with Original Landlord through the Lease.

65. The Lease was subsequently acquired by Landlord, who has standing to enforce the Lease against New Coast.

66. The Lease was supported by adequate consideration and Landlord has performed its obligations under the Lease.

67. New Coast breached the Lease by, among other things, (1) failing to pay Rent; (2) abandoning the Premises prior to the Termination Date; (3) failing to complete required tenant rebuilding obligations; and (4) failing to comply with insurance provisions under the Lease.

68. By virtue of New Coast's breaches, Landlord has suffered damages including, but not limited to, unpaid obligations of at least $323,173.74 plus remediation and other related fees and costs.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order:

a. That Landlord be awarded the full amount due and owing under the Lease, the present value of the remaining amounts under the Lease, plus such other amounts that will continue to accrue through the entry of judgment in this case;

b. That Landlord be awarded reasonable attorneys' fees, costs, and expenses;

c. That Landlord be awarded its costs of suit; and

d. For such other and further relief as the Court deems just and proper.

## COUNT II

### Breach of Contract against Guarantors

69. Landlord repleads and incorporates by reference Paragraphs 1 to 68 as if fully stated here.

70. The Guaranty is a valid and enforceable agreement.

71. New Coast breached the Lease by, among other things, (1) failing to pay Rent; (2) abandoning the Premises prior to the Termination Date; (3) failing to complete required tenant rebuilding obligations; and (4) failing to comply with insurance provisions under the Lease.

72. New Coast's breaches of the Lease triggered each Guarantor's liability for unpaid Rent and other amounts due under the Lease.

73. Each Guarantor's liability includes Landlord's reasonable attorneys' fees which have been incurred and continue to accrue in connection with New Coast's action on the Guaranty.

74. Each Guarantor has failed to provide the payments and/or performance required by the Guaranty.

75. Each Guarantor has breached the Guaranty by failing to pay 25% of New Coast's obligations under the Lease and perform their respective obligations under the Guaranty.

76. By virtue of Guarantors' breaches, Landlord has suffered damages including, but not limited to, unpaid obligations of at least $323,173.74 plus remediation and other related fees and costs.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order:

a. That Landlord be awarded up to 25% of New Coast's obligations under the Lease as against each Guarantor, without exceeding the full amount of the unpaid

  obligations of New Coast in the aggregate, plus such other amounts that will continue to accrue through the entry of judgment in this case;

b.  That Landlord be awarded the present value of 25% of New Coast's future Rent obligations under the Lease as against each Guarantor, without exceeding the full amount of the unpaid future obligations of New Coast, plus such other amounts that will continue to accrue through the entry of judgment in this case;

c.  That Landlord be awarded its reasonable attorneys' fees as against the Guarantors;

d.  That Landlord be awarded its costs of suit; and

e.  For such other and further relief as the Court deems just and proper.

Dated: November 17, 2020      Respectfully submitted,

/s/ **Ryan O. Luminais**
Ryan O. Luminais
Mississippi Bar No. 101878
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street Suite 2800
New Orleans, LA 70112
Phone: 504-299-2100
rluminais@shergarner.com

Paul E. Chronis (*Pro Hac Vice forthcoming*)
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: 312.499.6765
Fax: 312.577.0728
pechronis@duanemorris.com

Harry M. Byrne (*Pro Hac Vice forthcoming*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196

Phone: 215.979.1136
Fax: 215.689.4925
hmbyrne@duanemorris.com

*Counsel for Plaintiff*