**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

|  |  |  |
|---|---|---|
| MLCSC-2007-7 SEAWAY ROAD, LLC, | : | |
| Plaintiff, | : | |
| -against- | : | |
| NEW COAST CARDIOLOGY, PLLC, BHARAT H. SANGANI, M.D., STEPHEN N. BAKER, M.D., JAY J. LIBYS, M.D., MANOJ P. SHAH, M.D. AND CYRIL V.K. BETHALA, M.D., | : | Case No.: 1:20-cv-00347-HSO-JCG |
| Defendants. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

Plaintiff and Counterclaim Defendant, MLCSC 2007-7 Seaway Road, LLC ("Landlord") files its Answer and Affirmative Defenses to the Counterclaims of Defendants and Counterclaim Plaintiffs New Coast Cardiology, PLLC ("New Coast"), Bharat H. Sangani, M.D., Stephen N. Baker, M.D., Jay J. Libys, M.D., and Manoj P. Shah, M.D. ("Guarantors") (collectively, New Coast and Guarantors shall be referred to as "Counterclaim Plaintiffs"):

1. Denied. The allegations in this Paragraph are conclusions of law to which a responsive pleading is not required. To the extent a response is required, Landlord denies the allegations in this Paragraph.

2. Denied. Landlord denies the allegations in this Paragraph.

3. Denied. Landlord denies the allegations in this Paragraph.

4. Denied. The allegations in this Paragraph are conclusions of law to which a responsive pleading is not required. To the extent a response is required, Landlord denies the allegations in this Paragraph.

## ANSWER TO ALLEGATIONS CONCERNING THE PARTIES, JURISDICTION, AND VENUE

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Denied.  The allegations in this Paragraph are conclusions of law to which a responsive pleading is not required.  To the extent a response is required, Landlord denies the allegations in this Paragraph.

9.      Denied.  The allegations in this Paragraph are conclusions of law to which a responsive pleading is not required.  To the extent a response is required, Landlord denies the allegations in this Paragraph.

10.     Denied.  The allegations in this Paragraph are conclusions of law to which a responsive pleading is not required.  To the extent a response is required, Landlord denies the allegations in this Paragraph.

## ANSWER TO FACTUAL ALLEGATIONS

11.     Admitted.

12.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

13.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

DM2\13870815.4

14.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

15.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

16.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

17.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

18.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

19.     Admitted in part; denied in part.  It is admitted only that flooding occurred at the premises at 14055 Seaway Road, First Floor, Gulfport, MS (the "Premises") in January 2020 and February 2020.  Landlord denies all remaining allegations in this Paragraph and specifically denies that the flooding occurred because of any failure by Landlord to provide essential services or maintain equipment under the Lease Agreement.

20.     Admitted in part; denied in part.  It is admitted only that Landlord remediated the Premises following flooding events in January 2020 and February 2020.  Landlord denies all remaining allegations in this Paragraph.

DM2\13870815.4

21.    Denied.  Landlord denies the allegations in this Paragraph.

22.    Admitted in part; denied in part.  It is admitted only New Coast made its last rent payment to Landlord on or about January 6, 2020.  Landlord denies all remaining allegations in this Paragraph.

23.    Admitted in part; denied in part.  It is admitted only that Dr. Sangani and prior counsel for New Coast sent correspondence to Landlord in April 2020.  Landlord denies all remaining allegations in this Paragraph.

### ANSWER TO ALLEGATIONS AT COUNT I OF COUNTERCLAIM

24.    Landlord incorporates its responses and denials to Paragraphs 1 to 23 by reference as if fully stated here.

25.    Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

26.    Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

27.    Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

28.    Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

29.    Admitted in part; denied in part.  It is admitted only that New Coast and Dr. Sangani sent written correspondence to Landlord on or about April 22, 2020.  Landlord denies

4

all remaining allegations in this Paragraph because they attempt to characterize the April 22, 2020 correspondence, a written document that is attached to the Counterclaims.

30.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

31.     Denied.  Landlord denies the allegations in this Paragraph because they attempt to characterize the Lease Agreement, a written document that is attached to the Amended Complaint and the Counterclaims.

32.     Denied.  Landlord denies the allegations in this Paragraph.

In response to the unnumbered "WHEREFORE" Paragraph on Page 22 and 23 of the Counterclaims, Landlord denies all allegations in the "WHEREFORE" Paragraph and specifically denies that New Coast or Guarantors are entitled to any of the relief requested therein.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 8(c), Landlord asserts the following affirmative defenses to the Counterclaims:

1.     The Counterclaims fail to state a claim upon which relief can be granted.

2.     The Counterclaims are barred by the terms of the Lease Agreement, including but not limited to Section E.4 of the Lease Agreement.

3.     The Counterclaims are barred by New Coast's prior material breaches of the Lease Agreement, including but not limited to New Coast's prior decision to vacate the Premises and New Coast's failure to pay rent.

4.     The Counterclaims are barred by Guarantors' prior material breaches of the Guaranty.

DM2\13870815.4

5.      The Counterclaims are barred by the applicable statute(s) of limitations.

6.      The Counterclaims are barred by the doctrine of estoppel.

7.      The Counterclaims are barred by the doctrine of laches.

8.      The Counterclaims are barred by the doctrine of waiver.

9.      The Counterclaims are barred, in whole or in part, because Counterclaim Plaintiffs have not suffered any damages or legally cognizable harm.

10.      The Counterclaims are barred, in whole or in part, because Landlord did not take any action, or omit to take any action, that caused any harm to Counterclaim Plaintiffs.

11.      Counterclaim Plaintiffs failed to perform, satisfy and/or fulfill any and all duties and obligations owed toward Landlord arising out of any and all agreements, representations and contracts entered with, or in favor of, Landlord, including but not limited to the Lease Agreement and the Guaranty.

12.      The Counterclaims are barred because Landlord fully performed all remediation and repairs required under the Lease Agreement, as well as all other obligations under the Lease Agreement.

13.      Counterclaim Plaintiffs unreasonably incurred, failed to avoid, and/or failed to mitigate their alleged injuries, damages, losses, and expenses, if any.

14.      The Counterclaims are barred because any damages Counterclaim Plaintiffs allege to have incurred are the result of Counterclaim Plaintiffs' own conduct.

15.      The Counterclaims are barred because Landlord was not the direct cause or proximate cause of Counterclaim Plaintiffs' alleged harm, and Counterclaim Plaintiffs' alleged harm, if any, was caused by the acts or omissions of a party or parties other than Landlord or the

6

agents, servants or employees of Landlord, or by a person or entity over which Landlord had no control or duty to control.

16.    Counterclaim Plaintiffs' damages claimed are the result, in whole or in part, of the acts and/or omissions of third parties over which Landlord had no control.

17.    Landlord hereby gives notice that they intend to rely upon any and all such other affirmative defenses that may become available or apparent during the course of discovery and, thus, reserve the right to amend their Answer to assert such defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Counterclaims and having asserted Affirmative Defenses, Landlord prays for judgment as follows:

1.    That the Court dismiss the Counterclaims with prejudice.

2.    That the Court award Landlord its reasonable attorneys' fees and costs of suit incurred in this matter.

3.    For such other and further relief as this Court may deem just and proper under the circumstances.

Dated: March 17, 2021

Respectfully submitted,

/s/ Ryan O. Luminais
Ryan O. Luminais
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street Suite 2800
New Orleans, LA 70112
Phone: 504-299-2100
rluminais@shergarner.com

7

8

Paul E. Chronis (*Pro Hac Vice*)
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Phone: 312.499.6765
Fax: 312.577.0728
pechronis@duanemorris.com

Harry M. Byrne (*Pro Hac Vice*)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103-4196
Phone: 215.979.1136
Fax: 215.689.4925
hmbyrne@duanemorris.com

*Counsel for Plaintiff*

DM2\13870815.4